## NATIONAL LABOR RELATIONS BOARD v. J. C. LEWIS MOTOR CO., Inc.

No. 12871.

United States Court of Appeals
Fifth Circuit.

March 11, 1950.

William Pate, Atty., N. L. R. B., Atlanta, Ga., A. Norman Somers, Asst. Gen. Counsel, N. L. R. B., Washington, D. C., David P. Findling, Associate Gen. Counsel, N. L. R. B., Washington, D. C., for petitioner.

I. Walter Fisher, Atlanta, Ga., Erle Phillips, Atlanta, Ga., for respondent.

Before HOLMES, WALLER and RUSSELL, Circuit Judges.

WALLER, Circuit Judge.

The order of the Board provides that respondent cease and desist from: (1) refusing to bargain collectively with the Union; (2) discouraging membership in the labor organization; (3) in any way restraining or coercing employees from exercising their right of self-organization.

The order also directs the respondent to take the following affirmative action: (1) to bargain collectively with the International Association of Machinists as the sole representative of the employees of respondent; (2) to offer Walter Brunson, Jr., reinstatement with back pay without prejudice to his seniority; and (3) to post the usual notices.

After a careful examination of the briefs and the evidence we conclude that there is substantial evidence to support the Board's findings: (1) that the respondent is subject to the Act; (2) that the respondent engaged in unfair labor practices in discouraging membership in the Union; (3) that the Union represented a majority of the non-supervisory, non-clerical, and non-office employees of the respondent embraced in the bargaining unit; (4) that the respondent refused to bargain collectively with the Union; and (5) that the employee, Brunson, was denied re-employment because of his Union activity.

There is a close question under the evidence as to whether or not the Union represented a majority of the employees in the unit at the time of its demand for recognition, but we cannot say that there was not substantial evidence to support the Board's finding that the thirty members who signed Union membership cards constituted a majority of the non-supervisory, non-clerical, and non-office employees of the respondent in the garage and parts department at the time when the Union was claiming the right to bargain collectively for these employees. It was stipulated that the Board's Exhibit 7 contained a list of all employees of the respondent on the date in question. This list contains the names of seventy-five employees, of which it was stipulated that five were supervisory employees and nine were clerical and office employees. After deducting fourteen from the list there remained sixty-one employees named on the list, but it is observed that the name of Mrs. J. C. Lewis is included in the sixty-one names. Mrs. Lewis was then Vice-President of the Company and until March 11 of the year in question had been its President. Oviously her name should be excluded from the list of the employees in the bargaining unit. Of the sixty names remaining on the list it is noted that three employees are listed as "shop foreman". This exhibit, put in evidence by stipulation of the parties, seems to constitute an admission that these men were what the term "foreman" ordinarily implies and without more should be characterized as supervisory employees. It is noted that neither of them signed any application for membership in the Union and we think that the stipulation showing these three men with the classification of "shop foreman" supported the Trial Examiner's and the Board's conclusion that the total number of employees eligible for inclusion in the unit was less than sixty and, therefore, thirty constituted a majority.

Let the order of the Board be enforced in its entirety.